**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

YENI LISSETTE MARTINEZ-
ALEGRIA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 10-71103

Agency No. A098-960-528

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 12, 2011[**]

Before:    SCHROEDER, ALARCÓN, and LEAVY, Circuit Judges.

Yeni Lissette Martinez-Alegria, a native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing her

appeal from an immigration judge's ("IJ") decision denying her application for

asylum, withholding of removal, and protection under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004).  We review for substantial evidence factual findings.  *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006).  We deny in part and dismiss in part the petition for review.

Martinez-Alegria contends that she faces persecution by gangs because she was previously targeted.  We reject Martinez-Alegria's claim that she is eligible for asylum based on her membership in a particular social group.  *See Barrios v. Holder*, 581 F.3d 849, 832-53 (9th Cir. 2009) (refusal to join gangs does not establish membership in a particular social group); *Singh v. INS*, 134 F.3d 962, 967 (9th Cir. 1998) (generalized lawlessness and violence without particularized risk to the petitioner is generally insufficient to support a claim of asylum).  Accordingly, Martinez-Alegria's asylum claim fails.  Accordingly, because Martinez-Alegria failed to establish that she was persecuted or fears persecution on account of a protected ground, her asylum and withholding of removal claims fail.  *See Barrios*, 581 F.3d at 856.

We do not consider Martinez-Alegria's claim for CAT relief, because she failed to argue the issue in her opening brief. *Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in party's opening brief are waived).

Finally, we lack jurisdiction to consider Martinez-Alegria's claim that the IJ violated her due process rights by failing to give appropriate weight to supporting documents, because she failed to raise this argument before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**